IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jasmin Mitchell-Barner, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   14 C 6946 |
| Performant Recovery, Inc., a California corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Jasmin Mitchell-Barner, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Jasmin Mitchell-Barner ("Mitchell-Barner"), is a resident of the State of Maryland, from whom Defendant attempted to collect a delinquent consumer debt that was allegedly owed for a student loan, despite the fact that she had exercised her right, pursuant to the FDCPA, to be represented by the attorneys at the Student Loan Protection Program ("SLPP"), located in Chicago, Illinois.

4. Defendant, Performant Recovery, Inc. ("Performant"), is a California

corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Performant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Performant was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

     5.     Defendant Performant is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, records from the Illinois Secretary of State, attached as Exhibit A.  In fact, Performant conducts extensive and substantial business in Illinois.

     6.     Defendant Performant is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant Performant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

     7.     Ms. Mitchell-Barner fell behind on paying her bills, including a debt she allegedly owed for a student loan.  Defendant Performant thereafter began trying to collect this delinquent debt from Ms. Mitchell-Barner by sending her a collection letter, dated June 17, 2014.  In this letter, Performant claimed that the Original Creditor on the account was NCO Financial Systems and that the letter involved the "Claim of National Collegiate Trust".  A copy of this letter is attached as Exhibit C.

     8.     This letter caused Ms. Mitchell-Barner to seek the assistance of the attorneys at SLPP, regarding her financial difficulties and Defendant's collection actions.

Accordingly, via a letter, dated July 1, 2014, Ms. Mitchell-Barner's attorney informed Defendant, in writing, that Ms. Mitchell-Barner was represented by counsel, and directed Performant to cease contacting her, and to direct all further collection activities to her attorney, because Ms. Mitchell-Barner was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. Copies of this letter and the fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant communicated directly with Ms. Mitchell-Barner, via telephone calls on July 15, 2014 and August 27, 2014, from phone number 541-955-7800, regarding payment of the student loan.

10. Accordingly, on September 5, 2014, one of Ms. Mitchell-Barner's legal aid attorneys had to write to Defendant once again to demand that it cease communications. Copies of this letter and fax confirmation are attached as Exhibit E.

11. The statement made in Defendant Performant's initial collection letter (Exhibit C) that the original creditor was NCO Financial Systems was false. NCO Financial Systems does not originate student loans; rather, it is another debt collector.

12. Defendant Performant's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant Performant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

14. Plaintiff adopts and realleges ¶¶ 1-13.

3

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Ms. Mitchell-Barner's attorney/agent, told Defendant to cease communications with Ms. Mitchell-Barner (Exhibit D). By continuing to communicate via telephone calls regarding the debt and demanding payment from Ms. Mitchell-Barner, Defendant Performant violated § 1692c(c) of the FDCPA.

17. Defendant Performant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant Performant knew that Ms. Mitchell-Barner was represented by counsel in connection with her debts because her attorneys at SLPP had informed Defendant Performant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant to cease directly communicating with her. By directly calling Ms. Mitchell-Barner, despite being advised that she was represented by counsel, Defendant Performant violated § 1692c(a)(2) of the FDCPA.

21.     Defendant Performant's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.§1692k.

## COUNT III
## Violation Of § 1692e Of The FDCPA --
## Making A False Statement Of The Name Of Creditor

22.     Plaintiff adopts and realleges ¶¶ 1-13.

23.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt.  See, 15 U.S.C. § 1692e.

24.     Defendant's violation of § 1692e of the FDCPA, include, but are not limited to, falsely stating in its collection letter (Exhibit C), that the "Original Creditor" was NCO Financial Systems, when, in fact, it was likely some part of National Collegiate Trust.

25.     Defendant Performant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT IV
## Violation Of § 1692g(a)(2)
## Failure To Effectively Identify The Current Creditor

26.     Plaintiff adopts and realleges ¶¶ 1-13.

27.     Section 1692g of the FDCPA requires that, within 5 days of Defendant Performant's first communication to a consumer, it must provide consumers with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

28. Defendant Performant's June 17, 2014 form collection letter (Exhibit C), was its first communication with Ms. Mitchell-Barner and that letter fails to state the name of the current creditor; rather, it wrongly names NCO Financial Systems as the "Original Creditor" and also references that the letter is about the "Claim of" National Collegiate Trust, without telling who it is or how the two entities differ or fit together. Thus, Defendant Performant's form collection letter (Exhibit C), violates § 1692g(2) of the FDCPA.

29. Defendant Performant's violation of § 1692g(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jasmin Mitchell-Barner, prays that this Court:

1. Find that Defendant Performant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Ms. Mitchell-Barner and against Defendant Performant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jasmin Mitchell-Barner, demands trial by jury.

Jasmin Mitchell-Barner,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: September 8, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com